UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TONI WALTZER, ET AL                    CIVIL ACTION

VERSUS                                 NO: 07-8892

USAA CASUALTY INSURANCE                SECTION: J(5)
COMPANY

**ORDER AND REASONS**

Before the Court is **Plaintiffs' Motion to Remand (Rec. Doc. 12)**.  This motion, which is opposed, was set for hearing on July 25, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiffs' motion should be granted.

## Background Facts

This matter arises out of damages sustained due to Hurricane Katrina.  Plaintiffs' property was insured through a homeowners' policy issued by Defendant.  Plaintiffs filed suit in state court, alleging that Defendant failed to tender funds to pay for damaged personal property on the first floor of Plaintiffs' dwelling, and for additional living expenses despite demand by Plaintiffs.

Defendant subsequently removed pursuant to this Court's diversity jurisdiction on November 16, 2007.

## The Parties' Arguments

Plaintiffs seek to remand the case for lack of subject matter jurisdiction.  The parties agree that diversity exists, but disagree as to whether the matter in controversy exceeds the jurisdictional minimum of $75,000.

In support of remand, Plaintiffs argue that the only evidence offered by Defendant as to the amount in controversy is a reference to the policy limits of Plaintiffs' homeowners' policy.[1]  However, the amount in controversy is determined by the value of the claim, not the value of the underlying policy.  See Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 911 (5th Cir. 2002).  As such, Defendant has provided no evidence suggesting that Plaintiffs are seeking the full value of the policy.  To this end, Plaintiffs state that they are not seeking policy limits and have no basis to believe that the entirety of what they are owed exceeds $75,000.  Plaintiffs attach a stipulation to this effect and waive any recovery over $75,000 exclusive of interest and costs in order to clarify any ambiguity in their petition as to the amount in controversy.[2]

---

[1]  The insurance policy provided $394,000 in dwelling coverage (which is not at issue here), $295,500 in contents coverage, and $78,800 in coverage for loss of use.

[2]  See Marcel v. Pool Co., 5 F.3d 81, 85 (5th Cir. 1993) (while a unilateral, post-removal stipulation does not deprive

2

In opposition, Defendant argues that Plaintiffs allege in their petition that the insured property was "partially destroyed and/or extensively damaged," that Defendant failed to pay for any personal property on the first floor or for additional living expenses claimed by Plaintiffs, and that Defendant is subject to penalties and attorneys' fees under La. R.S. 22:658 and/or La. R.S. 22:1220.  Defendant argues that under these circumstances, it is "facially apparent" that the amount in controversy exceeds $75,000, and that no post-removal stipulation can be used to divest the Court of jurisdiction once it has attached. Specifically, Defendant points to an affidavit executed by Plaintiff Joel Waltzer itemizing the contents losses and living expenses which total $27,200.  Defendant argues that when combined with the double damages penalty authorized under La. R.S. 22:1220, the total amount in controversy is $81,600.

In reply, Plaintiffs contest this calculation, arguing that section 22:1220 does not provide for penalties that are twice the covered loss, but instead provides for penalties that are twice the consequential damages attributable to the insurer's breach of statutory duties.  As such, nothing before the Court suggests that the recovery in this case would exceed $75,000.

---

the removal court of jurisdiction, a post-removal stipulation or affidavit may be successful in effectuating a remand in cases in which such is used to clarify an ambiguous petition rather than to reduce the initial amount in controversy).

**Discussion**

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction.  See 28 U.S.C. 1441(a).  Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. 1332(a)(1).  A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists.  De Aquilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).  The jurisdictional facts supporting removal are examined as of the time of removal.  Gebbia v. Walmart Stores, Inc., 233 F.2d 880, 883 (5th Cir. 2000).  When the amount of damages is not specified in the petition, a defendant can rely on the face of the complaint if it is apparent that the amount in controversy is enough.  De Aquilar, 47 F.3d at 1412.  Alternatively, a defendant can rely on summary judgment type evidence of facts in controversy that establish the jurisdictional amount.  Id.

After a defendant has met its burden, a plaintiff must prove to a legal certainty that his recovery will not exceed the jurisdictional amount to a obtain a remand.  Id.  A defendant must do more than point to a state law that might allow a plaintiff to recover more than he pled.  Id.  The removal statutes should be strictly construed in favor of remand.  Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

4

In its opposition, Defendant's only argument in support of diversity jurisdiction is that Plaintiffs alleged that their property was "partially destroyed and/or extensively damaged," and that the amount of such damages combined with penalties and attorneys' fees exceeds $75,000.  Contrary to what Defendant alleges, it is not clear from the face of the petition that Plaintiffs are seeking an excess of $75,000.  Furthermore, any attempt by Defendant to show that Plaintiffs "could" obtain amounts in excess of $75,000 by referring to Plaintiffs' affidavit alleging damages of $27,000 and alluding to the possibility of receiving statutory penalties and attorneys fees is insufficient to prove by a preponderance of the evidence that jurisdiction exists.  Considering that "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand," this Court lacks diversity jurisdiction over this matter.  Manguno, 276 at 723.  Accordingly,

IT IS ORDERED that **Plaintiffs' Motion to Remand (Rec. Doc. 12)** is hereby **GRANTED;** the above-captioned action is hereby **REMANDED** to the court from which it was removed.

New Orleans, Louisiana, this 7th day of July, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE